UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA WOODSON<br>Plaintiff | CIVIL ACTION |
| VERSUS | No.: 2:19-cv-10890-BWA-DMD |
| DASMEN RESIDENTIAL, LLC., ET AL<br>Defendant | JUDGE BARRY W. ASHE<br><br>MAGISTRATE JUDGE<br>DANA DOUGLAS |

FILED: _____    _____
                                                            **DEPUTY CLERK**

## PLAINTIFFS' FIRST AMENDED AND SUPPLEMENTAL COMPLAINT WITH REQUEST FOR CLASS CERTIFICATION

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Angela Woodson, a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, individually and on behalf of a class of persons similarly situated, to file this First Amended and Supplemental Complaint to add allegations in support of Plaintiff's claim, and to add a request for class certification, as follows:

1.

The Named Plaintiff/Proposed Class Representative is Angela Woodson, a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, and a lessee at the Laguna Run Apartment Complex located at 7001 Martin Drive in New Orleans, Louisiana 70126.

2.

The made defendants in this action are:

A. **DASMEN RESIDENTIAL, LLC.**, is a single member LLC. Its sole member is Michael Katz, a citizen of the State of New York.

B. **RH COPPER CREEK, LLC,** is a single member LLC. Its sole member is Moshe Sibler, a citizen of the State of New York.

C. **XYX INSURANCE COMPANY** (a fictitious name for an actual corporation), upon information and belief, a domestic corporation organized under the laws of Louisiana, doing business and registered to do business in the Parish of Orleans, State of Louisiana, and insuring the subject premises.

3.

This action began on April 10, 2019, when Plaintiff Angela Woodson ("Named Plaintiff") filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana entitled Angela Woodson v. Dasmen Residential, LLC, RH Copper Creek, LLC and XYZ Insurance Company, bearing civil action no. 2019-3923.

4.

Defendants removed this action to the Eastern District pursuant to U.S.C. §1446(b)(1).

5.

Venue is proper in the United States District Court for the Eastern District of Louisiana because Orleans Parish, Louisiana was where the state court action was pending. under article 74 of the Louisiana Code of Civil Procedure because Petitioner's damages were sustained in Orleans Parish and the Defendants' wrongful conduct occurred in Orleans Parish, as alleged more specifically below.

6.

This Court has original subject matter jurisdiction over this action under 28 U.S.C. §1332(a) because (A) there exists complete diversity of citizenship between Plaintiffs and Defendants and (B) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.

Defendants are jointly and *in solido* liable and indebted to Plaintiff Angela Woodson for such damages as are reasonable in the premises, including bodily injury, emotional distress, loss of enjoyment of life, medical expenses, loss of earnings, benefits and future loss of earning capacity, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings for the following reasons, to-wit:

## COMMON FACTUAL BACKGROUND

8.

At all relevant times material hereto, the Defendant DASMEN RESIDENTIAL, LLC was the legal and proper owner of the property operated as Laguna Run Apartment Complex located at 7001 Martin Drive in New Orleans, Louisiana. Upon information and belief, RH COPPER CREEK, LLC was the property management company for the subject apartment complex. As such, both corporations exercised care, custody and control of the property.

9.

The Defendants had a duty to maintain the leased apartment unit in a reasonably safe condition and to inspect, identify and repair any defects therein. The Defendants had a duty to ensure that each building, and each apartment unit, in its complex was in compliance with the City of New Orleans' Building Code. The Defendants had a duty to ensure that the apartment complex did not constitute a public nuisance. Moreover, the Defendants had a duty to protect the health, safety and welfare of the general public and the occupants of the apartment units for the purpose of human habitation. All of these duties were breached by the Defendants, thereby causing harm to the Named Plaintiff/Proposed Class Representative and the putative class similarly situated.

10.

The Defendants are vicariously liable under the theory of *respondeat superior* for the actions and omissions of their employees, agents and assigns, and as such, are liable unto Named Plaintiff/Proposed Class Representative Angela Woodson and the putative class for their acts of negligence.

11.

At all times material herein, on information and belief, the Defendants maintained a policy of liability insurance covering negligent acts of Defendants for any and all actions of the kind and nature herein asserted, thus rendering that insurance company liable with the Defendants. For purposes of this pleading, Petitioner will refer to that insurance company as XYZ INSURANCE COMPANY, until such time as it has been properly identified by the Defendants.

12.

At all times pertinent herein, Named Plaintiff Angela Woodson and a putative class of similarly situated persons, entered into lease agreements with Defendants to occupy apartments located within the Laguna Run Apartment Complex located at 7001 Martin Drive in New Orleans, Louisiana 70126. Upon information and belief, the apartment complex was owned by an absentee-landlord, Defendant DASMEN RESIDENTIAL, LLC., and operated by an absentee-management company believed to be RH COPPER CREEK, LLC. Both companies are based out of the State of New York; yet, they are trying to operate an apartment complex located across the nation in New Orleans, Louisiana.

13.

Defendants have operated the apartment complex in a grossly negligent manner showing a reckless disregard for the tenants who are living or have lived at Laguna Run Apartment Complex. As a direct result of the Defendants' negligent conduct, the Named Plaintiff and putative class members have suffered damages, including, but not limited to, bodily injuries, emotional distress, loss of enjoyment of life, loss of peaceable use and enjoyment of rented spaces, and economic losses.

14.

Throughout this 442-unit apartment complex, the majority of common areas and the majority of individual units have visible water-intrusion issues that have gone without repair, or have negligently been repaired. As a direct result of water-intrusion issues, harmful black mold and other hazardous substances have been allowed to grow in apartment units causing bodily injury to residents. Additionally, tenants have been injured by water-intrusion issues taking the form of falling ceilings and lighting fixtures.

15.

The general disrepair of the apartment complex has caused personal injuries and property damages to many residents. The apartment complex was in such a drastic state of general disrepair that, in late August 2019, the City of New Orleans' Department of Code Enforcement descended upon it with numerous inspectors to conduct a system-wide emergency inspection for the purpose of protecting the health, safety and

welfare of the general public and the occupants of the apartment units which were not found to be fit for the purpose of human habitation. Numerous code violations were issued throughout the apartment complex.

16.

The Defendants acts of negligence include, but are not limited to, the following:

A. Creating and/or maintaining an unreasonably dangerous condition in the premises of which they had actual knowledge;

B. Failing to timely remediate dangerous conditions existing on the premises in a timely manner;

C. Failing to adequately address water intrusion issue to prevent ceilings from weakening and crashing to the floor of apartments;

D. Failure to adequately address the water intrusion issue to prevent the growth of hazardous mold in apartments and common areas;

E. Failing to properly train and supervise their employees, agents and assigns in the maintenance and repair of water intrusion issues at the apartment complex; and

F. Such other acts of negligence as will be shown at trial.

17.

This matter constitutes a continuing tort as the water and mold intrusion in the Petitioner's apartment unit has not been adequately addressed by the Defendants.

18.

Plaintiffs also anticipates that expert testimony may be required and prays that all expert fees and expenses incurred by her be taxed as costs to Defendants.

**FACTS SPECIFIC TO THE NAMED PLAINTIFF ANGELA WOODSON**

19.

Named Plaintiff/Proposed Class Representative Angela Woodson resided in Apartment M-210. In September of 2018, Petitioner Angela Woodson noticed a leak coming from an upstairs bathroom in her apartment and draining through the first floor ceiling near the ceiling fan in her living room. On September 13, 2018, Petitioner promptly reported the leak to employees in the management office of the subject apartment complex, thereby placing the apartment complex on notice of a defective

condition in her apartment. The Defendants had actual notice of a defective and hazardous condition.

20.

On October 4, 2018, the leak still had not been repaired and the condition of the first-floor ceiling was worsening. Named Plaintiff/Proposed Class Representative Angela Woodson proceeded downstairs in her apartment. She lost her footing on her ceramic tile floor causing her to fall backwards to the floor. She slipped and fell in water that had emerged through a gaping hole in the ceiling. Named Plaintiff/Proposed Class Representative was not at fault for the slip and fall accident described herein. Her injuries were solely and proximately caused by the fault and negligence of the named Defendants, their employees, agents, or assigns.

21.

On October 5, 2018, after receiving medical treatment in the emergency room of New Orleans East Hospital, Named Plaintiff/Proposed Class Representative Angela Woodson presented the Defendants' employees of documentation regarding the gaping hole in her ceiling and her medical treatment.

22.

Subsequently, the Defendants repaired the ceiling and addressed the leak in Named Plaintiff/Proposed Class Representative's apartment. However, in April 2019, she noticed the presence of black mold growing in her apartment unit and damaging her personal property and causing her upper respiratory issues. Upon information and belief, the water intrusion in her apartment in September and October 2018 has caused the mold to grow. Upon information and belief, the water intrusion was not properly addressed.

23.

As a direct result of the slip and fall accident, and as a direct result of the negligent conduct of the Defendants, Named Plaintiff/Proposed Class Representative has sustained bodily injuries (past, present and future); emotional distress (past, present and future); loss of enjoyment of life (past, present and future); medical

expenses (past, present and future); financial losses (past, present and future); and damages to her personal property.

24.

The Defendants acts of negligence include, but are not limited to, the following:

G. Creating and/or maintaining an unreasonably dangerous condition in the premises of which they had actual knowledge;

H. Failing to timely remediate the dangerous condition existing on the premises by addressing the leak when it was first reported on September 13, 2018;

I. Failing to adequately address the water intrusion issue to prevent the ceiling from weakening and crashing to the floor of Petitioner's apartment;

J. Failure to adequately address the water intrusion issue to prevent the growth of hazardous mold in Petitioner's apartment;

K. Failing to properly train and supervise their employees, agents and assigns in the maintenance and repair of water intrusion issues at the apartment complex;

L. Failing to take necessary and proper steps to avoid this incident and the subsequent mold development which has damaged Petitioner's personal property and adversely impacted her health; and

M. Such other acts of negligence as will be shown at trial.

25.

Plaintiffs move the Court to allow the parties to conduct discovery on class-wide issues, and after adequate discovery is conducted and a class certification hearing is held, to certify this matter to proceed as a class action under Federal Rule of Civil Procedure 23.

26.

Plaintiffs aver that, upon information and belief, there are former and current residents of the Laguna Run Apartment Complex, who have common claims against Defendants for damages caused by the negligent operation and management of the apartment complex. Plaintiffs are entitled to maintain this action as a class action, with the following objectively definable class definition:

"All current and former residents of the Lagana Run Apartment Complex located at 7001 Martin Drive, New Orleans, Louisiana 70126, who have suffered damages as a result of the negligent operation and management of the apartment complex, including but not limited to, bodily injuries, emotional distress, loss of use and enjoyment, and economic losses."

27.

Upon information and belief, there are 442-units in the apartment complex, and it is estimated that there are over 400 putative class members such that joinder is impracticable. There are questions of fact and law common to all class members. Common issues predominate over individual issues. The Named Plaintiff/Proposed Class Representative Angela Woodson will fairly and adequately protect the interest of the proposed class. Her attorneys are experienced in the prosecution of class action from initial final through trial and appeals. They will adequately represent the interest of the class. Plaintiff and her legal counsel are aware of no conflicts of interest between them and similarly situated individuals. Plaintiff has, or can acquire, adequate financial resources to assure that the interests of the potential class will not be harmed.

28.

Named Plaintiff/Proposed Class Representative Angela Woodson is very knowledgeable concerning the subject matter of this litigation and will assist counsel in the prosecution of this litigation.

29.

The prosecution of separate actions by individual plaintiffs, rather than as a class, would create significant risks of inconsistent or varying results.

30.

Plaintiffs hereby demand a trial by jury on all issues so triable.

**WHEREFORE**, Named Plaintiff/Proposed Class Representative Angela Woodson prays that the Defendants be duly cited and served with a copy of this First Amended and Supplemental Complaint and Request for Class Certification and after all due proceedings are had, there be Judgment in favor of Petitioner Angela Woodson and against the Defendants, jointly and *in solido* for all damages as a reasonable in the

premises, together with legal interests thereon from the date of judicial demand, until paid, and for all costs and disbursements in filing this cause of action, and for any and all legal and equitable relief as this Court deems necessary and proper warranted in this cause herein.

RESPECTFULLY SUBMITTED:

THE BAGNERIS FIRM, LLC

*/s/ Suzette Bagneris*
Suzette P. Bagneris (LSBA No. 22241)
Emile A. Bagneris, III (LSBA No. 22240)
2714 Canal Street, Suite 403
New Orleans, Louisiana 70119
Telephone: (504) 810-3995
Email: sbagneris@bagnerislawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2019, I filed the foregoing document using the Court's CM/ECF system. I also served the foregoing document on all of the parties by sending true and accurate copies as indicated below.

*/s/ Suzette Bagneris*
Suzette Bagneris (LSBA No. 22241)

**DASMEN RESIDENTIAL, LLC and**
**RH COPPER CREEK, LLC**
Through their counsel of record:
Ernest P. Gieger, Jr., Esq. – Email: egieger@gllaw.com
Emily E. Eagan, Esq. – Email: eeagan@gllaw.com
Tucker T. Bohren, Esq. – Email: tbohren@ gllaw.com
GIEGER, LABORDE, & LAPEROUSE, LLC.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA WOODSON<br>　　　Plaintiff | CIVIL ACTION |
| | No.: 2:19-cv-10890-BWA-DMD |
| VERSUS | |
| | JUDGE BARRY W. ASHE |
| DASMEN RESIDENTIAL, LLC., ET AL<br>　　　Defendant | MAGISTRATE JUDGE<br>DANA DOUGLAS |

FILED: _____   _____
　　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

### ORDER

**CONSIDERING THE FOREGOING MOTION,**

**IT IS ORDERED** that the Defendants appear to show cause on the _____ day of _____, at _____ o'clock _____.M., why Plaintiff's Motion to Amend should not be granted.

New Orleans, Louisiana, this _____ day of _____, 2019.

_____
DISTRICT JUDGE